IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JIBRI ALI-EL, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06cv679 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| KELLY STEANBACH, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Jibri Ali-El, a state prisoner or pretrial detainee. Also before the court is filing no. 2, the plaintiff's Motion to Proceed In Forma Pauperis ("IFP"). Because the plaintiff is an incarcerated person, the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA requires the court to screen civil rights complaints brought by incarcerated persons, establishes criteria governing dismissal of complaints brought by persons in custody, and restricts remedies and procedures in prisoner litigation. Similarly, by moving for leave to proceed in forma pauperis, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In this case, the complaint fails to state a claim on which relief may be granted. The plaintiff seeks help, which this court cannot provide, regarding the adequacy of the representation provided by the assistant public defender who is representing the plaintiff in a criminal proceeding in the Douglas County District Court. The plaintiff has sued his public defender pursuant to 42 U.S.C. § 1983 for violation of the plaintiff's civil rights.

To state a claim on which relief may be granted under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the defendant acted "*under color of state law*." However, a public

defender does not act "under color of state law" for purposes of 42 U.S.C § 1983 when performing traditional functions as counsel for the defendant in a criminal prosecution. See Polk County v. Dodson, 454 U.S. 312, 321-22 (1981) (holding that a public defender does not act under color of state law, as required for an action under § 1983, because a public defender "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client" and because there is an "assumption that counsel will be free of state control"). Therefore, the plaintiff may not sue his public defender under 42 U.S.C. § 1983 in federal court for civil rights violations.[1]

This case must be dismissed for failure to state a claim on which relief may be granted against the defendant. Therefore, the above-entitled case will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B). The plaintiff's Motion to Proceed IFP is denied as moot, and thus, no order will be issued directing collection of a filing fee.

THEREFORE, IT IS ORDERED:

1. That the above-entitled case and the plaintiff's complaint are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B);

2. That filing no. 2 is denied as moot; and

3. That judgment will be entered in accordance with this Memorandum and Order.

DATED this 30th day of October, 2006.

BY THE COURT:

s/ WARREN K. URBOM
United States Senior District Judge

---

[1] The plaintiff may be able to bring an action under state law in the District Court of Douglas County, Nebraska.